IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AUGUSTIN RENDON | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:23-cv-00004 |
| | § | (Jury Requested) |
| LOWER RIO GRANDE VALLEY, | § | |
| DEVELOPMENT COUNCIL | § | |
| CORPORATION, INC., | § | |
|    *Defendant.* | | |

### PLAINTIFF AUGUSTIN RENDON'S SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, AUGUSTIN RENDON, ("Plaintiff") in the above entitled and numbered cause and hereby files this his Second Amended Complaint in response to Fed.R.Civ.P. 12(b)(6) and would respectfully show unto the Court and the Jury, as follows:

## I.
## Nature of the Case

1.1 This is an employment discrimination case for monetary damages brought by Mr. Rendon, against his former employer in violation of the laws of the United States of America, namely, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 and the Americans with Disabilities Act ("ADA"), as amended and Title VII of the Civil Rights Act of 1964, as amended.

## II.
## Parties

2.1 Plaintiff, Augustin Rendon, is an individual residing in Edinburg, Texas.

2.2 Defendant, Lower Rio Grande Valley Development Council Corporation, Inc., is a domestic nonprofit corporation duly licensed to conduct business in the State of Texas and has appeared herein for all purposes.

## III.
## Venue and Jurisdiction

3.1 This Court has jurisdiction to hear the merits of Mr. Rendon's claims under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a). The Court has supplemental jurisdiction over Mr. Rendon's claims arising under Texas statutory law under 28 U.S.C. § 1367.

3.2 Venue is proper in this district and division under 42 U.S.C. § 12117(a)(incorporating 42 U.S.C. § 2000e-5(f)(3)) and 28 U.S.C. § 1391(b)(1) because the incidents that gave rise to the claims in this case occurred in the Southern District of Texas -- McAllen Division.

## IV.
## Exhaustion of Administrative Remedies

5.1 All conditions precedent to jurisdiction under the ADEA and the ADA, Title VII of the Civil Rights Act of 1964, as amended, have occurred or been complied with, to wit (a) A Charge of employment discrimination was filed with the EEOC within 300 days of the commission of the unlawful employment practice; a Notification of Right to Sue was issued by the EEOC; and this Complaint has been filed within 90 days of receipt of the Right to Sue Letter.

VI.
**Factual Background**

6.1    On or about November 9th, 2018, Plaintiff Augustin Rendon was hired by Lower Rio Grande Valley Development Council Corporation, Inc. During the Plaintiff's career, he served the Defendant council with hard work, dedication and undivided loyalty. As a result of the Plaintiff's perseverance, he was earning approximately $44,027.00 plus fringe benefits as a Program Supervisor of Operations. During the last 6 months of the Plaintiff's employment, he was subjected to discriminatory animus, disparate treatment, and/or a hostile work environment on account of his age (51; DOB: x/xx/1971), on account of his gender (male) and/or on account of his disability (back surgery). As a result of the Plaintiff's age, his gender and/or his injuries, the Defendant employer began to exhibit a negative attitude towards him and his injured condition.

6.2 When the Plaintiff was younger and uninjured, he was treated as a valuable member of the team. However, as the Plaintiff became older and/or more infirmed, LRGVDC began to treat him as if he were "damaged goods." The Plaintiff is a qualified individual with a disability, who either with or without a reasonable accommodation, can perform the essential functions of his job. In the alternative, he was regarded as or perceived as disabled due to his record of impairment.

6.3 During the last six months of his employment, Plaintiff was subjected to age animus, disparate treatment and/or a hostile work environment by Plaintiff's employer. Plaintiff would show that at the time of his illegal termination that he was in the protected class of age (51); that he was qualified for his job; that he was terminated and that he was replaced by a younger worker, that his termination was on account of his age or that he was treated differently than persons outside the protected class.

6.4 Plaintiff Augustin Rendon had been a loyal employee of the Rio Grande Valley Development Council. Plaintiff Augustin Rendon has also received positive evaluations and feedback from his supervisors and colleagues.

6.5    On or about July 2nd, 2021, Plaintiff Augustin Rendon was illegally fired by Defendant LRGVDC for a false, misleading and/or pretextual reason. Plaintiff Augustin Rendon was wrongfully accused of alleged sexual harassment. The Plaintiff's supervisor, Tom Logan, informed him that an internal investigation was to be conducted as a result of an allegation of sexual harassment. Mr. Logan did not provide the Plaintiff with an equal opportunity to present his side of the facts and further failed to follow council policy Additionally, Plaintiff is male individual who was treated differently than his female accuser. The Defendant Council also failed to provide Mr. Rendon with the outcome of its alleged investigation. Additionally, Plaintiff Augustin Rendon was retaliated against for opposing discrimination and/or for participating in an investigation involving alleged sexual harassment in which he was not allowed to fully present his version of events. Plaintiff is qualified for his job as he had been performing it for over 2 ½ years and the Plaintiff had no disciplinary action in his personnel file since his date of hire.

6.6 Plaintiff is a qualified individual who suffers from a disability, namely (back surgery). Plaintiff's disability affects a major life activity. Plaintiff can perform the essential functions of his job, with or without a reasonable accommodation. In the alternative to the extent that Plaintiff is not disabled under the Americans with Disabilities Act, Plaintiff has been perceived and/or regarded as being disabled due to his record of impairment. When Plaintiff was younger and in better health, he was treated as a valuable member of the team. However, as he began to get older and suffered more infirmities and more health issues, he was then tossed aside, illegally fired and treated as if he were "damaged goods."

6.7 Plaintiff asserts that the true reason for his unceremonious termination was because he was discriminated against on account of his age, his gender, and/or on account of his disability in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and/or the Americans with Disabilities Act-Amendment Act ("ADA-AA") as amended and/or Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory, if not exemplary job, for the Defendant employer during his employment. Plaintiff further asserts and intends to prove that the mistreatment received by Plaintiff including but not limited to, age discrimination, gender discrimination and/or disability discrimination, among other things, was part of a pattern and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated.

## VII.
## Causes of Action - Wrongful Discharge

A. **Violations of the Age Discrimination in Employment Act("ADEA"), as amended, the Americans with Disabilities Act ("ADA") and/or the Americans with Disabilities Act-Amendments Act ("ADA-AA") and/or Title VII of the Civil Rights Act of 1964, as amended.**

7.1 Plaintiff re-alleges the allegations contained in Section VI, entitled *Factual Background*.

7.2 On or about July 2nd, 2021, Plaintiff was unceremoniously terminated due to the culmination of discriminatory conduct directed against him by the Defendant employer. The Defendant employer discriminated against the Plaintiff and wrongfully terminated him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended.

7.3 The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [his] compensation,

terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

7.4 The Defendant's discriminatory treatment of the Plaintiff and termination of Plaintiff's employment was motivated by and/or caused "but for" the Plaintiff's age (i.e., 51). Defendant's actions were willful. As such, Defendant's conduct constituted unlawful employment practices in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA").

7.5 The Defendant's discriminatory treatment of the Plaintiff and the termination of Plaintiff's employment was motivated by and due to Plaintiffs disability and/or being regarded as having a disability, in violation of 42 U.S.C. § 12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA").

Title VII, 42 U.S.C. § 2000e-3 (a)<br>Retaliation Against Rendon for Engaging in Protected Activity

7.6 Plaintiff re-alleges and incorporates by reference the allegations set for in paragraphs 6.1 to 7.5, above.

7.7 Rendon engaged in protected activity when he complained about gender discrimination and for participating in an investigation into alleged sexual harassment.

7.8 In retaliation for Rendon's complaints, LRGVDC terminated his employment.

7.9 There was a causal connection between Rendon's complaints and the materially adverse action taken against Rendon by LRGVDC.

7.10 The retaliation endured by Rendon would dissuade a reasonable employee from making complaints of discrimination and harassment, and/or participating in an investigation.

7.11 LRGVDC retaliated against Rendon for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## VIII.
## Damages

8.1 The effect of Defendant's wrongful conduct as described above has been to deprive Plaintiff of equal employment opportunities and to otherwise affect Plaintiff's status as an employee.

8.2 As a proximate result of Defendant's actions, Plaintiff seeks damages and other relief for harms and losses as follows:

a. Back pay and front pay;

b. Lost benefits in the past and future;

c. Liquidated damages equal to the actual damages awarded plus interest pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii) and 29 U.S.C. §626(b);

d. Compensatory damages;

e. Exemplary damages/punitive damages;

f. Reasonable attorney's fees, expert fees, other litigation expenses, court costs; and

g. Pre-judgment interest.

## IX.
## Attorney's Fees

9.1 By reason of the allegations of this Complaint and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorneys to assist him in the prosecution of this action.

9.2 Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a

reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the Defendant council will appeal this case.

9.3 Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals, legal assistants and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## X.
## **Exemplary Damages**

10.1 The conduct of the Defendant Council, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant Lower Rio Grande Valley Development Council's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant Lower Rio Grande Valley Development Council acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant Lower Rio Grande Valley Development Council and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant Lower Rio Grande Valley Development Council as a result of its egregious violations of the law.

## XI.
## Demand for Trial by Jury

11.1 Plaintiff respectfully requests that this court impanel a lawful jury to hear this case.

## XII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Augustin Rendon prays that the Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendant for back pay, front pay, or reinstatement, liquated damages, compensatory damages, exemplary damages, injunctive relief, expert fees and attorney's fees together with pre-and post- judgment interest at the highest rate allowed by law; costs of court; and all such other and further relief at law or at equity to which the Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF
JOSE G. GONZALEZ**

4129 N. 22nd Street, Suite 8
McAllen, Texas 78504
Telephone:(956) 731-4324
Facsimile: (956) 731-4327

By**:**/s/Carlos E. Hernandez Jr.
Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Fed. Id. 17022
Attorneys for Plaintiff
Augustin Rendon

**CERTIFICATE OF CONFERENCE**

  On March 2nd, 2023, I, Carlos E. Hernandez, Jr., spoke with Defense attorney, Kelly R. Albin, regarding filing Plaintiff's Second Amended Complaint. Ms. Albin indicated that she is unopposed to the filing of this Second Amended Complaint.

                */s/ Carlos E. Hernandez, Jr.*
                **Carlos E. Hernandez, Jr.**

Certificate Of Service

  The undersigned attorney certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via e-mail on this 2nd day of March 2023.

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com
RICARDO J. NAVARO             By: */s/ Carlos E. Hernandez, Jr.*
State Bar No. 14829100               Carlos E. Hernandez, Jr.
Fed I.D. No. 5953
rjnavarro@rampagelaw.com
JOHN-MICHAEL W. HAYWARD
State Bar No. 24087693
Fed I.D. No. 2338770
jmhayward@rampagelaw.com
DENTON NAVATTO ROCHA
BERNAL & ZECH
A Professional Corporation
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
(956)421-4904
(956)421-3621 (fax)